IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

ROBERT TIRADO

      Plaintiff,

                                              CASE NO.:

-vs-

CVS PHARMACY, INC., and
UNKNOWN STORE MANAGER,

      Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT TIRADO, by and through his undersigned attorneys, sues Defendants, CVS PHARMACY, INC. ("CVS") and UNKNOWN STORE MANAGER, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, ROBERT TIRADO, was a resident of Pinellas County, Florida.

3. At all times material hereto, the Defendant, CVS, was authorized and doing business in Pinellas County, Florida.

4. At all times material hereto, Defendant, CVS, owned, operated, and maintained a store located at 2200 Gulf-to-Bay in Clearwater, Florida.

5. At all times material hereto, Defendant, UNKNOWN STORE MANAGER was a resident of Pinellas County, Florida.

6. At all times material hereto, Defendant, UNKNOWN STORE MANAGER, was employed by Defendant, CVS, as a store manager.

7. On November 11, 2020, the Plaintiff, ROBERT TIRADO, went to the subject store and a large sign fell from above on top of Plaintiff's head causing injuries.

## COUNT I - CLAIM AGAINST CVS

8. Defendant, CVS, owed the Plaintiff, ROBERT TIRADO, a business visitor upon the premises, the duty to exercise reasonable care for the safety of all customers.

9. Defendant, CVS, by and through its employees, servants, and/or agents could reasonably anticipate that the unsecured sign could fall and injure a customer of CVS.

10. Defendant, CVS, breached the duty owed to the Plaintiff, ROBERT TIRADO, by committing one or more of the following omissions or commissions:

    a. Negligently failed to maintain or adequately maintain the front entrance by allowing a defectively installed sign to fall on Plaintiff;

    b. Negligently failed to inspect or adequately inspect the subject area where the sign was attached to the wall in a defective condition; and,

    c. Negligently failed to warn of the dangerous condition of the unsecured sign.

11. As a direct and proximate cause of the negligence of the Defendant, CVS, as heretofore alleged, the Plaintiff, ROBERT TIRADO, was struck in the head by the unsecured sign sustaining injuries.

12. As a direct and proximate result of the negligence of the Defendant, CVS, as heretofore alleged, the Plaintiff, ROBERT TIRADO, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ROBERT TIRADO, will sustain said loss in the future.

WHEREFORE, the Plaintiff, ROBERT TIRADO, demands judgment against the Defendant, CVS, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

## COUNT II
## CLAIM AGAINST UNKNOWN STORE MANAGER

Plaintiff, ROBERT TIRADO, reiterates and realleges paragraphs 1 through 12 as if more fully set forth sherein and further alleges:

13. At all times material hereto, Defendant, UNKNOWN STORE MANAGER, as manager of said store referred to in numbered paragraph 5 above, was in control of said business premises and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

14. Being in control of said business premises, Defendant, UNKNOWN STORE MANAGER, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the premises in such a manner as to avoid injury or damages to business invitees, such as Plaintiff.

15. Defendant, UNKNOWN STORE MANAGER, negligently failed to exercise reasonable care relating to the said premises while under their control in that they failed to take reasonable precautions to maintain said premises in a safe condition.

16. Among the duties of Defendant as being the person in control of the premises referred to in numbered paragraphs 5 and 6 above, was to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous hazards from the property including the unsecured sign.

17. As a direct and proximate result of the failure of Defendant, UKNOWN STORE MANAGER, while being in control of said business premises referred to in numbered paragraphs 5 and 6 above, to keep the premises free from dangerous conditions that might foreseeably give rise to loss, injury or damage, said Defendant acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning or mode of operation of said business premises, resulting in Plaintiff suffering injuries and damages as a result of the dangerous condition on the property.

18. As a direct and proximate result of the negligence of Defendant, UNKNOWN STORE MANAGER, as above alleged, Plaintiff, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses.

19. The injuries sustained by Plaintiff, ROBERT TIRADO, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, ROBERT TIRADO, demands judgment against the Defendant, UNKNOWN STORE MANAGER, in an amount in excess of Thirty Thousand ($30,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this day 10th day of August, 2021.

                               *s/ Joseph Kopacz*
Joseph A. Kopacz, Esq.
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 46789
Attorney for Plaintiff