UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT TIRADO,

     Plaintiff,

v.                                                                      Case No: 8:21-cv-2158-CEH-AEP

HOLIDAY CVS, LLC and
UNKNOWN STORE MANAGER,

     Defendants.

_____/

## ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Remand to State Court (Doc. 22), filed on October 19, 2021. Defendant filed a response in opposition (Doc. 16). A hearing on the motion was held December 21, 2021. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Amended Motion to Remand and remand this action to the Sixth Judicial Circuit in and for Pinellas County.

## DISCUSSION

Plaintiff, Robert Tirado, initiated this lawsuit in state court on August 10, 2021, suing CVS Pharmacy, Inc. and its unknown store manager in a two-count Complaint alleging negligence. Doc. 1-1. On August 31, 2021, Plaintiff filed an Amended Complaint, suing Holiday CVS, LLC, and the unknown store manager. Doc. 1-2. Plaintiff alleges the "C" from the outdoor sign at CVS located at 2200 Gulf-to-Bay Blvd. in Clearwater, Florida, fell and struck Plaintiff on his head causing him injuries.

Doc. 1-2. He further alleges the unknown CVS store manager failed to conduct reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous hazards from the property including the unsecured sign. *Id.* ¶ 16. Holiday CVS removed the action to this Court on September 10, 2021, predicated on the Court's diversity jurisdiction. Doc. 1.

Plaintiff has since identified the unknown store manager for the Clearwater CVS at issue as Lori Ciatto, a Florida citizen. Plaintiff moved to amend his Complaint to specifically identify the non-diverse Defendant, Lori Ciatto, who was previously sued as the "unknown store manager." Doc. 22. The Court granted Plaintiff's motion to amend. Doc. 23.

When a party seeks to amend his complaint to add a non-diverse defendant after a case has been removed, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such situations where a Plaintiff names a new non-diverse defendant in a removed case, courts should closely scrutinize the pleading using the *Hensgens* factors.[1]  *See Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (applying the *Hensgens* factors). In *Hensgens*, the court stated as follows:

> [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment

---

[1] The Court notes that, here, Plaintiff sought to amend his complaint, after removal, to identify the non-diverse store manager. The claim against the unknown store manager was alleged in the complaint prior to removal. Thus, this case is distinguishable from *Hensgens*.  But even applying the *Hensgens* factors, amendment and remand are warranted.

is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). If after balancing these factors a court finds amendment proper, the court must remand to the state court. *Id.*; 28 U.S.C. § 1447(e).

Plaintiff, a Florida citizen, has amended his complaint to identify Lori Ciatto as a party defendant. In his initial Complaint, Plaintiff sued the store manager as a fictitious party, "unknown store manager." When determining whether a civil action is removable on the basis of diversity jurisdiction under section 1332(a), the citizenship of fictitious-named defendants must be disregarded. 28 U.S.C. § 1441(b). Having now identified and amended his complaint to join Ciatto, Plaintiff seeks remand to state court because the addition of Ciatto destroys diversity due to her Florida citizenship.

After considering the *Hensgens* factors, the Court finds Plaintiff's amendment was proper and remand is warranted. Accordingly, the Court will remand this case to state court. The Court considered the extent that Plaintiff's amendment was sought to defeat federal jurisdiction. In the initial complaint filed in state court, Plaintiff sued defendant "unknown store manager," clearly signaling—prior to removal—the intent to pursue a claim against the non-diverse defendant. As stated by Plaintiff, the identity and citizenship of the manager were not learned prior to Defendant removing the case to this Court. This is not a situation in which Plaintiff sought to add the non-diverse manager only after the case was removed. Rather, Plaintiff alleged a cause of action

against the store manager in his initial pleading. Therefore, Plaintiff did not seek amendment for the purpose of defeating federal jurisdiction. *See Nelson v. Bos. Mkt. Corp.*, No. 8:16-cv-3355-SCB-TBM, 2017 WL 393870 at *2 (M.D. Fla. Jan. 30, 2017) (finding the same on similar facts); *Johnson v. Lincoln Harris, LLC*, No. 1:15-cv-3979-WSD, 2016 WL 2733425 (N.D. Ga. May 10, 2016) (same); *Sharp v. Wal–Mart Stores, Inc.*, No. 06-0817-WS-C, 2007 WL 215644 (S.D. Ala. Jan. 25, 2007) (same).

In Florida, "the law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). But, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.*; *see also Vesta Const. and Design, L.L.C. v. Lotspeich & Assoc., Inc.*, 974. So. 2d 1176, 1180 (Fla. 5th DCA 2008) ("A corporate officer or employee is not liable for the torts of the company simply because of the person's position with the company."). Here, Plaintiff has alleged active, as opposed to merely vicarious or derivative, negligence on the part of Ciatto, and thus Plaintiff has stated a plausible claim against Ciatto. Accordingly, it appears that adding Ciatto was not done for the purpose of destroying diversity. Additionally, the parties are not prejudiced by allowing the amendment, but Plaintiff would be prejudiced if he had to litigate claims against CVS and Ciatto in two separate forums.

Having found that the joinder of Ciatto was not for purposes of defeating diversity and was otherwise proper, this action is due to be remanded to state court.

Accordingly, upon consideration, it is

**ORDERED:**

1.      Plaintiff's Amended Motion for Remand (Doc. 10) is **GRANTED**.

2.      This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3.      The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Sixth Judicial Circuit Court, in and for Pinellas County, Florida.

4.      The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on February 3, 2022.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

5